UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN DIETRICH (#125055)                                                        CIVIL ACTION

VERSUS

DARREL VANNOY                                                                    NO. 17-637-JWD-RLB

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 12, 2019.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN DIETRICH (#125055)                                    CIVIL ACTION

VERSUS

DARREL VANNOY                                               NO. 17-637-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* R. Doc. 38.  The State has filed an opposition to the petitioner's application.  *See* R. Docs. 26 and 42.  There is no need for oral argument or for an evidentiary hearing.

On or about September 13, 2017, the now *pro se* petitioner, filed this counseled habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 1988 criminal conviction and sentence, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of second degree murder. The petitioner attacks his conviction on the grounds of newly discovered evidence, ineffective assistance of counsel, and a *Brady* violation.

### Procedural History

On August 26, 1988, the petitioner was found guilty of one count of second degree murder. The petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on each count, with the sentences to run consecutively.  The petitioner thereafter filed a counseled appeal, and his conviction and sentence were affirmed on appeal.  *See State v. Dietrich,* 89-1125 (La. App. 1 Cir. 6/26/90), *writ denied* 90-1739 (La. 11/9/90).

On or about April 19, 1999, the petitioner filed his first application for post-conviction relief ("PCR"), which was denied by the trial court as time-barred. The petitioner's writ applications seeking review were denied. *See State ex. rel. Dietrich v. Louisiana*, 00-0484 (La. App. 1 Cir. 5/5/00), *writ denied* 01-1049 (La. 1/4/02). On or about July 7, 2013 the petitioner filed a second application for post-conviction relief, and supplemented the same on or about May 26, 2015. The petitioner's PCR application was denied by the trial court, and his writ was denied by the appellate court on April 18, 2017. *See State v. Dietrich,* 17-0246 (La. App. 1 Cir. 4/18/17).

On or about May 7, 2017, the petitioner sought further review in the Louisiana Supreme Court. While his writ was still pending, the petitioner filed the present application herein on September 13, 2017. On May 18, 2018, the petitioner's writ was denied. *See State v. Dietrich*, 17-0801 (La. 5/11/18).

## Applicable Law and Analysis

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contained even a single unexhausted claim – the "total exhaustion" requirement. *Rose v. Lundy,* 455 U.S. 509, 518–19 (1982).

It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies.

*Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270 (1971). Additionally, under 28 U.S.C. § 2254(b)(1) the district court is precluded from granting habeas relief on an unexhausted claim.

In light of the above procedural history, the instant petition was unexhausted at the time it was filed. Because all the petitioner's claims had not been exhausted in the state courts prior to filing in this Court, his entire petition is subject to dismissal.

Additionally, when a state court decision to deny post-conviction relief rests on a state procedural ground that is independent of the federal question raised by the petitioner and is adequate to support the judgment, the federal court lacks jurisdiction to review the merits of Petitioner's federal claim. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Moore v. Roberts*, 83 F.3d 699, 701 (5th Cir. 1996). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman v. Thompson, supra*, 501 U.S. at 729-730:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id.* at 731-32, *citing Rose v. Lundy*, 455 U.S. 509, 518, (1982); *Moore v. Roberts, supra*, 83 F.3d at 703. This rule applies even if the state court addresses the substance of the claim in the alternative. *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999).

In order for a state procedural bar to provide an "independent" basis for dismissal, the state court adjudication of a habeas petitioner's claim must have been explicitly based on a state procedural rule. *Amos v. Scott*, 61 F.3d 333, 338 n. 15 (5th Cir. 1995). *See also Moore v. Roberts, supra*, 83 F.3d at 702; *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, 562 U.S. 307, 1127-28 (2011); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Marks v. Terrell*, 2014 WL 1246065, *8 (E.D. La. Mar. 24, 2014). The state procedural bar is presumptively adequate when the state court expressly and regularly relies upon it in deciding not to review claims for collateral relief. *Glover v. Cain, supra*, 128 F.3d at 902. Further, the procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." *Sones v. Hargett, supra*, 61 F.3d at 416. Even a discretionary state procedural rule can qualify as an adequate basis for barring federal habeas review. *Coleman v. Cain*, 2014 WL 348541, *5 (E.D. La. Jan. 31, 2014), *citing Beard v. Kindler*, 558 U.S. 53 (2009). As stated in *Beard, supra*, "a discretionary rule can be 'firmly established' and 'regularly followed' – even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not in others." *Id.* at 60-61.

Notwithstanding, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *See Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). Further, a habeas petitioner may rebut the presumption of adequacy by establishing that the procedural rule is not "strictly or regularly followed" or, notwithstanding, by demonstrating (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage

of justice." *Coleman v. Thompson, supra*, 501 U.S. at 750; *Moore v. Roberts, supra*, 83 F.3d at 702.

It is apparent from the rulings of the state courts that the courts relied on procedural rules in dismissing the petitioner's PCR claims, specifically Louisiana Code of Criminal Procedure articles 930.4 and 930.8. Article 930.8 has repeatedly been found to be an "independent" and "adequate" state procedural ground which, when relied upon by the state courts to reject a claim, bars federal *habeas* review of that claim. *Glover v. Cain,* 128 F.3d 900, 902 (5th Cir.1997); *see also Morris v. Cain,* No. 06–30916, 2008 WL 3876479 (5th Cir. 8/20/08); *Pineyro v. Cain,* 73 Fed. App'x 10, 11 (5th Cir. 2003); *Tolbert v. Cain,* Civ. Action No. 08–435, 2009 WL 1309851, at *2 (M.D. La. May 11, 2009); *Lott v. Travis,* Civ. Action No. 08–1390, 2008 WL 4964797, at *7–8 (E.D. La. Nov. 18, 2008); *MacCracken v. Louisiana,* Civ. Action No. 07–9540, 2008 WL 2951214, at *10 (E.D. La. July 25, 2008).

As noted above, the petitioner can overcome the preclusion established by a procedural default only by demonstrating (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson, supra*, 501 U.S. at 750; *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996). To establish "cause," the petitioner must show that some objective factor external to the defense prevented him from timely raising his claims in state court. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). To establish prejudice, the petitioner must show, "not merely that the [asserted] errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982)

(emphasis in original). Neither "cause" nor "prejudice" has been argued or shown in the instant case that would support this Court's disregard of his procedural default.

Further, to demonstrate that a failure to consider the claim will result in a "fundamental miscarriage of justice," a habeas petitioner must show, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 645 (5th Cir. 1999). To establish such actual innocence, the petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.*

In the instant matter, the petitioner relies upon the discovery of new evidence which consists of an affidavit of one of his former attorneys, an affidavit from a juror, and a report from a psychologist requested by attorney James Boren. A claim of actual innocence that is based upon new evidence may, in certain circumstances, provide a gateway for review of an otherwise procedurally defaulted claim. *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928 (2013). The Supreme Court cautioned, however, that viable actual-innocence gateway claims are rare, explaining that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928, *citing Schhip v. Delo,* 513 U.S. 298, 329 (1995) (internal quotation marks omitted). To be credible, a claim of actual innocence requires that a petitioner support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial. *Schhip v. Delo, supra,* 513 U.S. at 324.

The petitioner herein points to no "new evidence" to assert his actual innocence. The petitioner relies upon evidence, the affidavit of his former attorney and the report from a

psychologist, which was always within the reach of the petitioner's personal knowledge or reasonable investigation. Such evidence does not qualify as "new." *See Hancock v. Davis*, 906 F.3d 387 (5th Cir. 2018).

Additionally, the contents of the juror affidavit are unpersuasive. Juror Cavalier, who did not find the petitioner guilty of second degree murder, simply speculates that if the petitioner had testified at trial "the jury would have had more to go on." Consideration of Juror Cavalier's affidavit does not convince this Court that in light thereof, no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt.

In the absence of a showing of actual innocence in this case, the petitioner's claims are not properly before this Court. Specifically, this Court finds that the state court's express invocation of the procedural rule to dispense with a substantive consideration of these claims asserted on post-conviction review acts as an independent and adequate bar that precludes this Court's consideration thereof.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on March 12, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**